**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

ROBERT LEE SANDERS
ADC # 131332                                                                                              PLAINTIFF


V.                                            4:09-cv-00811-JLH-JJV


LARRY NORRIS, Director, Arkansas Department of
Correction; WENDY KELLY, Deputy Director,
Arkansas Department of Correction; DALE REED,
Warden, Ouachita River Correctional Facility,
Arkansas Department of Correction; MELUSIA,
Sgt., Ouachita River Correctional Facility,
Arkansas Department of Correction; FORD,
Correctional Officer, Ouachita River Correctional
Facility, Arkansas Department of Correction; VOSS,
Sgt., Ouachita River Correctional Facility, Arkansas
Department of Correction; WOMBO, Sgt., Ouachita River
Correctional Facility, Arkansas Department of Correction;
BURLS, Corporal, Ouachita River Correctional Facility,
Arkansas Department of Correction; and CAMPBELL,
Deputy Warden, Ouachita River Correctional
Facility, Arkansas Department of Correction                                   DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief Judge

J. Leon Holmes.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate of the Arkansas Department of Correction, initiated this action by filing a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, challenging the Arkansas Department of Correction policy which requires that certain inmates complete a sex offender treatment course before they are eligible for parole.  According to Plaintiff, he was "harassed" and therefore prevented from completing the program.  After carefully reviewing the documents submitted by Plaintiff, the Court concludes that Plaintiff's claims are frivolous and he has failed to state a claim

upon which relief may be granted.  Accordingly, the Court recommends that Plaintiff's Complaint be dismissed.

## I.      Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's recent opinion in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 1950, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly* at 556.
The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer
possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely
consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility
of entitlement to relief."  *Id*. at 545-46.

## II.    Analysis

Plaintiff was convicted in 2004 of rape, first degree domestic battery, and first degree sexual
assault against his then wife.  He was sentenced to 15 years in the Arkansas Department of
Correction, and registry as a sex offender as required by ARK. CODE ANN. § 12-12-904.  As a sex
offender, Plaintiff may be required by the post-prison transfer board to complete the Reduction in
Sexual Victimization Program (known as "RSVP") in order to be eligible for parole.   However,
according to Plaintiff, he was "forced, threatened, made and bribed and coerced" to refuse to
complete the program.  He further states that he is being "discriminated against" in some unspecified
fashion, that he is being maligned as a "child molester," and that he does intend to complete the
program, although exhibits accompanying his Complaint report he "vacillated" about wanting to
participate in the program and insists that he is "innocent of the charges and still fighting them in
court."  By way of relief, he asks "to get through and finish the RSVP program" and be transferred
then to the Tucker Unit to participate in another program.

Plaintiff has now filed several documents whereby he reports he was returned to the RSVP
program at the Ouachita River Unit on October 21, 2009 – less than one week after filing the instant
Complaint.  Accordingly, Plaintiff's claims are now moot and should be dismissed on this basis
alone.

Additionally, all of Plaintiff's claims - that Defendants are inhibiting his participation in a

program, and his request for transfer to another Unit - relate to his parole eligibility and fail to state a claim for relief.  The Due Process clause does not create a protected liberty interest in any particular prisoner classification or eligibility for rehabilitative programs.  *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).  Plaintiff also has no protected liberty interest in the possibility of future parole or release before expiration of a validly-imposed sentence.  *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Plaintiff's allegations of threats and coercion do not amount to a constitutional violation cognizable under § 1983.  *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992)(verbal threats); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985)(name calling).  Nor can Plaintiff's unsupported allegation of "discrimination" amount to an equal protection violation.  *Iqbal*, 129 S.Ct. at 1951.

For all these reasons, the Court recommends that Plaintiff's Complaint be dismissed with prejudice for failure to state a claim for which relief may be granted, and that this dismissal constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).

IT IS THEREFORE RECOMMENDED that:

1.     This action be DISMISSED WITH PREJUDICE and that all pending motions be DENIED as moot;

2.     Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g);[1]

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."  *See Patton v. Jefferson Correctional Center*, 136 F. 3d 458, 462-64 (5th Cir. 1998).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this <u>12th</u> day of November, 2009.


JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE